Charles MacMullen, Respondent, v. City of Middletown, Appellant.

1. Municipal Corporations — Right of Action against City for Negligence in Care of Streets Purely Statutory and Subject to Restriction at the Pleasure of the Legislature   The duty imposed upon a municipality of caring for its streets and sidewalks is not private or local, so that a liability for its breach is enforceable by a common-law action, as in the case of a private corporation, but is performed as a political agency, and is governmental.   The liability may be created or not as the legislature may see fit; if created, its enforcement may be surrounded with any restrictions or conditions deemed necessary.   The right to enforce it, therefore, is not a common-law right of which the owner cannot be deprived without due process of law, but is purely statutory and may be destroyed or restricted at the pleasure of the legislature.

2. Constitutional Law — Requirement in Charter as to Written Notice of Existence of Snow or Ice on Sidewalks Constitutional. A provision in a municipal charter relieving the city from liability for injuries resulting from an accumulation of snow and ice on a sidewalk unless written notice of such accumulation is actually given to the common council, and there is a failure within a reasonable time to cause its removal, is constitutional and valid, is an essential part of a cause of action against the city for such injuries, and compliance with its requirement as to giving the written notice specified must be alleged and proved.

*MacMullen* v. *City of Middletown*, 112 App. Div. 81, reversed.

(Submitted November 12, 1906; decided January 8, 1907.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 22, 1906, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Henry W. Wiggins* and *Russell Wiggins* for appellant.   A condition precedent to the maintenance of an action is a fact necessary to be proven and, therefore, necessary to be alleged

in the complaint, and unless so alleged the complaint is demurrable. (*Krall* v. *City of New York*, 44 App. Div. 259; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Thrall* v. *Cuba Village*, 88 App. Div. 410; *Welsbach Co.* v. *N. G. & El. Co.*, 96 App. Div. 52; 180 N. Y. 533; *Rosenstock* v. *City of New York*, 97 App. Div. 341; 181 N. Y. 550; *Jewell* v. *City of Ithaca*, 72 App. Div. 220.) The liability of the city herein is statutory and being such the legislature could impose such conditions as it saw fit. (Cooley on Torts, 662; *Barry* v. *Vil. of Port Jervis*, 64 App. Div. 272; *Hover* v. *Barkhoof*, 44 N. Y. 113; *Lane* v. *Town of Hancock*, 142 N. Y. 515; *Paterson* v. *City of Brooklyn*, 6 App. Div. 129; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Rider* v. *City of Mount Vernon*, 87 Hun, 29; *Williams* v. *Vil. of Port Chester*, 72 App. Div. 518; *Sehl* v. *City of Syracuse*, 81 App. Div. 548.) Assuming this to be a common-law action the legislature has power to attach a condition precedent to its maintenance, and the condition imposed by section 30 of defendant's charter is reasonable. (*Reining* v. *City of Buffalo*, 102 N. Y. 311; *McNally* v. *City of Cohoes*, 53 Hun, 204; *McManus* v. *City of Watertown*, 88 App. Div. 363; *Elias* v. *City of Rochester*, 49 App. Div. 597; *Turba* v. *City of Rochester*, 41 App. Div. 188; *Smith* v. *City of Rochester*, 46 N. Y. S. R. 727.)

*Abram F. Servin* and *Elbert N. Oakes* for respondent. The duty of a municipality to keep its streets in proper condition is one which it assumes when accepting the fact of its corporate existence. (*Conrad* v. *Vil. of Ithaca*, 16 N. Y. 158; *Missano* v. *Mayor*, 160 N. Y. 123; *Hardy* v. *City of Brooklyn*, 90 N. Y. 435; *Ehrgott* v. *Mayor*, 96 N. Y. 264; *Turner* v. *City of Newburgh*, 109 N. Y. 301; *Bieling* v. *City of Brooklyn*, 120 N. Y. 98.) For an injury caused by neglect of this duty a cause of action arises at common law irrespective of any statute. (*Conrad* v. *Vil. of Ithaca*, 16 N. Y. 158.) This right of action is property within the meaning of the Constitution. (*Gilbert* v. *Ackerman*, 159 N. Y.

118; *Dyett* v. *Hyman*, 129 N. Y. 351.) The statute in question clearly takes away this property right, and is, therefore, unconstitutional and void. (*Williams* v. *Vil. of Port Chester*, 72 App. Div. 505.)

Gray, J.    The plaintiff, a resident of the city of Middletown, in this state, sustained personal injuries from a fall upon a sidewalk of the city, at a point where snow and ice had accumulated. He, thereafter, commenced this action to recover damages against the city. He alleges, in his complaint, that the defendant had neglected to remove the snow and ice from the sidewalk, though it had knowledge, or notice, of its dangerous condition for some time prior to the accident. The defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The legal question, presented by the demurrer, arises out of one of the provisions of the defendant's charter. (Chapter 572 of the Laws of 1902.) The charter imposes upon the common council, as commissioners of highways for the city, the duty of keeping the streets in good order and of requiring owners, or occupants, of abutting properties to clean the snow and ice from the sidewalks. The office of superintendent of streets was created, whose incumbent should superintend the work to be done upon the public streets. (Secs. 68 & 107.) Section 30 of the charter contains the provision under consideration and reads that no civil action " shall be maintained for damages or injuries to the person sustained in consequence of the existence of snow or ice upon any sidewalk, crosswalk or street, unless written notice thereof relating to the particular place, was actually given to the Common Council and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice." It is not alleged in the complaint that this written notice had been given and, as such a notice was made a condition precedent to the maintenance of such an action, the absence of such an allegation would be fatal to the complaint upon

demurrer; unless the provision of the statute was invalid, because violating some constitutional right of the plaintiff. The courts below have overruled the demurrer and the Appellate Division, in the second judicial department, has certified to this court for our review the questions of law, whether the complaint states facts sufficient to constitute a cause of action and whether the provision contained in section 30 of the charter, above referred to, is constitutional.

As to the first question, it suffices to say that, if the provision of the charter was a valid enactment, it was an essential part of the plaintiff's cause of action and compliance with its requirement, as to giving the written notice specified, must be alleged and proved. (*Reining* v. *City of Buffalo*, 102 N. Y., 308.)

The opinion of the Appellate Division concedes that there can be no evasion of this provision of the charter, but reaches the conclusion that the enactment exceeded the powers of the legislature and is, therefore, unconstitutional. In that view I am unable to agree with the learned justices below and I think that it was somewhat influenced by a misapprehension of the effect of the decisions upon the subject of the duties and liabilities of our municipal corporations. The opinion below discusses the distinction which exists between those duties, which may be imposed upon the municipality for its private, or local, interests, and those which may be imposed upon its officers for the benefit of the public, generally. In the one case, it is reasoned, there exist a duty and a consequent liability for its breach, as in the case of a private corporation; while, in the other case, the duty is performed as a political agency and is governmental. As, therefore, the duty of caring for its streets is imposed upon the municipality for its own benefit, it is to be regarded as a private company, whose breach of duty in that respect would entail upon it a liability enforceable by "a common law action and in no sense * * * statutory." It was admitted that, if the liability was statutory, the legislature could impose any conditions; but, not being such in its nature, the provision that a

written notice must have been actually given, before an action could be maintained, was equivalent to the denial of any remedy for the wrong. It was, in effect, held that there was a right growing out of the breach of the duty owing from the defendant to the plaintiff, which was within the protection of the constitutional guarantees.

In my view of this question, the legislature in no wise exceeded its just powers by the enactment of the provision in this charter; however restrictive the requirement. A municipal corporation is a political, or governmental, agency of the state, which has been constituted for the local government of the territorial division described and which exercises, by delegation, a portion of the sovereign power for the public good. In its organization and in the assignment of its powers and duties, the legislature acts supremely. The power to grant, or to deny, a remedy by private action for the breach of a duty, imposed upon it for governmental purposes, and to affix conditions, where the right to an action is given, is not one which should be called in question. It may be that such a question, upon precisely these facts, may not have been presented to this court in previous cases. The cases are numerous, which involved the right of a municipality to defeat the claims of a plaintiff, because of the failure to show notice, or knowledge, on its part of the conditions complained of and because of the failure to comply with statutory requirements of notice to municipal officers, before the commencement of an action. The novelty of the case, in the feature of the statutory requirement that a written notice shall have been given, is explained in the legislative purpose to make that certain, which before was, often, uncertain. The fact of knowledge should no longer be dependent upon inferences from the evidence of circumstances; nor the liability of the municipality be left to a determination reached upon an indulgent construction of the legal rule as to actual notice.

In the case of *Curry* v. *City of Buffalo*, (135 N. Y. 366), where the plaintiff, who had been injured by a fall upon a defective sidewalk, had failed to recover her damages, by

reason of the omission to file, pursuant to the statutory provision, a notice of her intention to commence an action and of the time and place at which the injuries were received, we did say, quite explicitly, that " the whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries and it could impose any conditions precedent to the maintenance of such actions."

This statement of the rule was deliberate and, in my opinion, it is correct, when the nature and functions of municipal corporations are considered. It was quoted with approval by the Appellate Division in *Rider* v. *City of Mt. Vernon*, (87 Hun, 29), in *Patterson* v. *City of Brooklyn*, (6 App. Div. 129), and in *Thrall* v. *Cuba Village*, (88 ib. 413).

These corporations are bodies politic; created by laws of the state for the purpose of administering the affairs of the incorporated territory. They exercise powers of government, which are delegated to them by the legislature, and they are subjected to certain duties. They are the auxiliaries, or the convenient instrumentalities, of the general government of the state for the purpose of municipal rule. The consideration of the grant of a charter is the benefit to the public and their relation to the state is not contractual, in the constitutional sense; for there is no element of reciprocity and the corporate duties are incompatible with the notion of a compact. The whole interests are the exclusive domain of the government itself and the power of the legislature over them is supreme and transcendent; except as restricted by the Constitution of the state. Their charters being granted for the better government of the particular districts, the right to insert such provisions as seem to best subserve the public interest would seem, from the very nature of such institutions, to be inherent. (*People ex rel. Wood* v. *Draper*, 15 N. Y. 532, 544; *People* v. *Tweed*, 63 ib. 207; *Meriwether* v. *Garrett*, 102 U. S. 472, 511; *Dartmouth College* v. *Woodward*, 4 Wheat. 578; Cooley's Constit'l Lim. *pp. 191–3; Dillon on Munic. Corp's, secs. 9, 30; Ang. & Ames on Corps. sec. 31.) These

principles are familiar from their frequent statement in the books and their brief summary here is to emphasize the idea that a municipal corporation is but a part of the machinery of government; that it is the creation of the legislature, which endows it with certain local governmental functions and imposes upon it the performance of certain duties, and that its every feature is subject to the regulation of the legislature in granting the charter and to the right of that body to change, or to modify, as the public interest may demand. It exists for the benefit of the public and of the incorporated community, and but incidentally for that of the individual. In the exercise of powers and in the performance of duties, which are affected by a public interest, it acts for the state and it is for the legislature to prescribe whether, and how far, for the breach of a public duty, the individual may maintain a civil action to remedy an injury occasioned thereby. It is difficult to perceive the basis for any claim to an absolute right to the preservation of a remedy against this municipal adjunct of the state sovereignty. The charter is not a contract with the individual and I am not aware of any limitations upon the power of the state, outside of the Constitution, to adjust every governmental relation with the citizen, as it may seem discreet and best for the general welfare.

In *People ex rel. Wood* v. *Draper*, (*supra*), Chief Judge Denio observed that, independently of the restraints to be found in the constitutional provisions for civil government, "every subject within the scope of civil government is liable to be dealt with by the Legislature. As it may act upon the State at large, by laws affecting at once the whole country and all the People, so it may in its discretion, and independently of any prohibition, expressly made, or necessarily implied, make special laws relating to any separate district, or section of the State. * * * The representatives of the whole People, convened in the Legislature, are * * * the organs of the public will in every district or locality of the State." In *People* v. *Tweed*, (*supra*), it was said by Chief Judge Church that the legislature of this state possesses "full power, except as

restricted in the Constitution, to control by direct legislation the local affairs of a public. nature of any of the civil divisions of the State." In *Meriwether* v. *Garrett*, (*supra*), Mr. Justice FIELD, speaking of municipal corporations, said that "there is no contract between the State. and .the public that the charter of a city shall not be at all times subject to legislative control. All persons, who deal with such bodies, are conclusively presumed to act upon knowledge of the power of the legislature. There is no such thing as a vested right held by any individual in the grant of legislative power to them." Judge Cooley, in his work on Constitutional Limitations, states that " the municipalities must look to the State for such charters of government and they cannot prescribe for themselves the details, though they have a right to expect that those charters will be granted with a recognition of the general principles with which we are familiar. * * * The creation of municipal corporations and the conferring upon them of certain powers and subjecting them to corresponding duties, does not deprive the Legislature of the State of that general control .over. their citizens, which was before possessed. * * * Restraints on the legislative power of control must be found in the Constitution of the State, or they must rest alone in the legislative discretion."

It seems very clear to me that, in the distribution, through charters, to municipalities of governmental powers and of administrative duties within the described territory, there is no limitation upon the regulative power of the legislature. For the breach of a duty, imposed for the public benefit, it may grant, or deny, a remedy to an individual, who has sustained damage, and in granting a remedy impose conditions upon the right to enforce it. It seems to me that a thoughtful consideration of the nature of these public corporations and of the principles, which underlie their creation, leads, irresistibly, to the just conclusion that they can only be subjected to liabilities to the extent and in the manner that the charter permits, expressly, or impliedly. In the case of those *quasi* municipal corporations, constituting political divisions of the

state for convenience of government and which existed without special charters, the common law gave no right of action, in such a case as this. It is by force of the special, or statutory, charter, that municipal corporations come under a liability for a breach, or neglect, of corporate duties imposed, which is enforceable by every individual interested in their performance. (See Cooley's Constit'l Limitations, *pp. 240, 247, 248.)

The charter of the defendant made the common council commissioners of highways for the city. They were charged with the duty of keeping the streets in proper condition and were empowered to require the owners and occupants of buildings, or lots, to clean the snow and ice from the sidewalks. That these provisions of the charter would make the municipality responsible for the acts of its officials, as corporate agents, in the absence of any restrictive clause, may be regarded as having been settled by the decision of this court in the case of *Conrad* v. *Trustees of Village of Ithaca*, (16 N. Y. 158); the authority of which has been repeatedly recognized since. (*Ehrgott* v. *Mayor, etc., of N. Y.* 96 N. Y. 265 ; *Ryan* v. *City of New York*, 177 N. Y. 271, 288.) The doctrine of municipal liability, thus settled, rested upon the proposition that the municipal corporation, for a consideration received from the sovereign power, has agreed, expressly or impliedly, to do certain things and its neglect to do them exposes it to public prosecution, or to a private action by any person injured thereby. But this doctrine, or rule, of responsibility furnishes no satisfactory reason why the legislature, which creates this public corporation, may not, validly, in the exercise of its conceded general powers of control, deny to the individual the right to maintain a private action against it, or restrict the right by any regulation, which it deems proper. The same judge, who spoke so emphatically for the court in *Curry* v. *City of Buffalo*, (*supra*), delivered the earlier opinion in *Ehrgott* v. *Mayor, etc., of N. Y.*, (*supra*) ; a case where the municipal liability to a civil action had been asserted upon the authority of *Conrad* v. *Trustees of Village of Ithaca.* Where

the charter of a municipal corporation is silent upon the subject, the legislature may be regarded as having left its liability to depend upon the general rule that, if the power conferred relates to the accomplishment of corporate purposes, for the corporate benefit, the corporation is as a private company and there attaches the same responsibility as there would to a legal individual, if possessing like powers and franchises. But where the charter voices the will of the legislature, upon the subject of the responsibility of the political agency of the state to answer to the complaint of a private individual, it announces a rule of conduct, which is to govern the relations of the municipality with its citizens. No right is thereby taken away; but relative rights are defined, which are to be binding upon those who choose to remain residents of the municipality. Legislative restriction, or regulation, is especially justifiable where the provision has relation to the performance of duties, which, as in this case, though for the corporate benefit, are, also, of public interest. The power of control over streets and highways was delegated by the legislature to the common council of the city, as its representative, in the interest of a better governmental policy. It might have reserved the performance of a duty so important to the general public to an independant body, as a convenient way of exercising the governmental functions. If, in investing the municipality with the duty, the legislature should regard its performance as partaking of a governmental nature and should relieve it of responsibility for breaches, could it properly be said to have violated any constitutional rights of the citizens? I think not and if the view of the learned court below is right, that the provision in this charter was equivalent to a denial of any remedy for an injury sustained through a failure of the defendant to keep its streets in good order, then I hold that its enactment was a valid exercise of legislative power.

Whether the provision in question be termed a restriction upon a common law right to sue the corporation; or whether it be termed an imperative rule of the charter with respect to

the maintenance of actions, is not material. The state created the defendant as a political agency of government and the adjustment of its powers and duties, and of the relative rights of citizens and municipality, was the province of the legislature. The charter created a liability for a neglect of the duty to remove snow and ice from the streets and sidewalks and gave a remedy by action. If its requirement that a written notice shall have been given to the common council, as a condition precedent to the maintenance of an action, be regarded as harsh, correction is not to be sought from the courts. The requirement is the expression of the legislative will that the notice of the defective condition of the public way, which has occasioned the injury sustained, shall be of so certain a character as to charge the corporation with actual knowledge. It was always the legal rule that notice should be brought home to the corporation, or facts from which notice was reasonably inferable. In order that something more certain than constructive notice should be relied upon, provisions were inserted in municipal charters that " actual notice " of the alleged defect must be shown. But even actual notice might be proved by circumstances of a convincing character, (*McNally* v. *City of Cohoes*, 127 N. Y. 350), and the purpose of the legislature becomes evident, in the insertion of such a provision as we find in the defendant's charter. Notice to the city was no longer to be established upon inferences from facts and circumstances. Its liability for a neglect to keep its streets free from dangerous accumulations of snow and ice should only be enforceable, where full notice had been given to it in writing. Incidentally, the provision accomplishes a useful purpose, in charging the citizens with a duty of giving prompt notice of any such defective and dangerous conditions. A somewhat similar provision in the Public Statutes of Rhode Island, with respect to the necessity of a notice in writing of a highway obstruction having been given, in order to hold towns liable for a personal injury, was approved in *Allen* v. *Cook* (21 R. I. 525).

I reach the conclusion that the legislature had power to

provide that the liability of the defendant, in an action by a person complaining of an injury caused by a breach of the duty to remove snow and ice from the sidewalk, should be conditional upon the notice in writing having been given and that the provision violated none of the plaintiff's constitutional rights.

It follows that the first of the questions certified should be answered in the negative and the second question in the affirmative.

I advise, therefore, that the order and judgment appealed from should be reversed and that the defendant have judgment sustaining its demurrer to the complaint, with costs in all the courts; with leave, however, to the plaintiff to amend his complaint within twenty days from notice of the entry of the order, upon payment of the costs.

Cullen Ch. J., Haight, Vann, Werner and Hiscock JJ., concur; Willard Bartlett, J., not sitting.

Ordered accordingly.