SAYFAUS v. CITY OF ROCHESTER.

(Supreme Court, Special Term, Monroe County. December 14, 1908.)

MUNICIPAL CORPORATIONS (§ 792*)—SIDEWALKS—ICE—NOTICE OF CONDITION.

Under the express terms of Rochester City Charter, § 255, the city is not liable for injury to a pedestrian falling on a sidewalk on account of accumulated ice, unless written notice of the particular condition of the sidewalk was given the commissioner of public works, a reasonable time before the accident.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1652; Dec. Dig. § 792.*]

Personal injury action by Margaret Sayfaus against the City of Rochester. Demurrer to complaint sustained, and judgment for de-fendant directed.

Werner & Harris, for plaintiff.

William W. Webb, Corp. Counsel, for defendant.

CLARK, J. This is an action brought by the plaintiff to recover damages she claims to have sustained by reason of falling on a side-walk in the city of Rochester, where there was an unusual accumula-tion of ice and snow, which the defendant had negligently permitted to form and remain on the sidewalk in a public street. The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

Section 255 of the charter of the city of Rochester is as follows:

"City Not Liable Without Notice.—The city is not liable, and no action is maintainable against it for an injury to person or property caused by the existence of snow and ice, or either, upon any sidewalk, roadway, public street, highway or place, bridge, culvert or crosswalk, unless written notice thereof relating to the particular place has been given to the commissioner of public works a reasonable time before the happening of any such injury."

It was conceded upon the argument that no written notice of the condition of the sidewalk in question was ever given to the city offi-cials, as required by the section of the city charter above quoted, and, of course, there was no allegation in the complaint that such notice had been given. The complaint, therefore, does not state facts sufficient to constitute a cause of action. MacMullen v. City of Middletown,

187 N. Y. 37, 79 N. E. 863, 11 L. R. A. (N. S.) 391. It being conceded that the written notice as required by the city charter was not given, and the charter providing that the city would not be liable in a snow and ice case where such notice was not given, it is plain that this action cannot be maintained.

The demurrer is therefore sustained, and final judgment is directed in favor of the defendant, with costs.