JOSEPHINE G. McCARTHY, Appellant, v. THE CITY OF FULTON, Respondent.

Fourth Department, November 15, 1916.

Municipal corporations — city of Fulton — charter, section 230, construed — notice of an intention to sue for personal injuries — action founded upon nuisance — nuisance existing through natural conditions.

Section 230 of the charter of the city of Fulton, requiring a person who intends to sue the city for damages for personal injuries caused by the existence of ice and snow upon sidewalks to give a written notice to the board of public works, etc., does not apply to an action against the city for creating and continuing a nuisance by gathering surface waters at a certain point on the public streets and allowing them to freeze and accumulate.

It seems, that if the alleged nuisance was created by the natural slope of the land and not by the acts of the city authorities, the mere neglect of the city to change the natural condition so as to dispose of surface waters would not free the plaintiff from the obligation of serving a notice under section 230 of the city charter.

APPEAL by the plaintiff, Josephine G. McCarthy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oswego on the 8th day of December, 1915, upon a dismissal of the complaint by direction of the court at the opening, and also from two orders, one dismissing the complaint and the other denying plaintiff's motion to set aside the dismissal of the complaint.

R. J. Pendergast [Piper & Pendergast, attorneys], for the appellant.

William S. Hillick [George M. Fanning, attorney], for the respondent.

Foote, J.:

Plaintiff received personal injuries by falling upon the ice upon a crosswalk on Academy street at the corner of Second street. Her complaint purports to state a cause of action against the city for creating and continuing a nuisance at the place where she was injured. It alleges, in substance, that the city had caused surface waters to be collected and drained from a large area and to be deposited in unnatural quantities at the place of the accident without providing any suitable or proper outlet or other facilities for disposing of the same; that said waters on this and former occasions became frozen and became a nuisance and menace to the safety of pedestrians. It also alleged negligence of the city in permitting the ice to accumulate in the street and to become dangerous to pedestrians, in neglecting to remove the ice or guard it, in failing to provide a sufficient outlet for the surface waters, and in negligently permitting the outlet provided to become filled or clogged. It does not allege service upon the board of public works of the written notice required by section 230 of the city charter (Laws of 1902, chap. 63, as amd. by Laws of 1907, chap. 630). That section contains this clause: " But no such action shall be maintained for damages or injuries to the person sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk or street, unless written notice thereof, relating to the particular place, was actually given to the board of public works and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after the receipt of such notice."

On the first trial the jury were instructed that there could be no recovery for negligence of the city because plaintiff's injuries were caused by the ice on the crosswalk and there had been no written notice given before the accident as required by the above charter provision. It was, however, left to the jury to find whether the city had created and maintained a nuisance by gathering at one point the surface waters from about four and one-half acres of a public park and discharging them down the northerly gutter of Academy street and causing or permitting them to accumulate and form ice at the place of the accident.

On this issue of nuisance the jury found a verdict for plaintiff. This verdict the learned trial judge set aside on defendant's motion, and made the following memorandum: "Under section 230 of the charter of the city of Fulton and *MacMullen* v. *City of Middletown* (187 N. Y. 37), I am compelled to set aside the verdict and grant a new trial."

The order entered in accordance with this memorandum was affirmed by this court without opinion (167 App. Div. 955).

At the next trial now under review the complaint was dismissed upon plaintiff's opening, presumably upon the theory that the complaint does not state a cause of action because there is no allegation that the written notice required by section 230 of the city charter had been given and that no recovery could be had in the absence of such notice on account of the icy condition complained of, whether caused by the negligence of the city or actually and intentionally produced by the city government and so obviously dangerous to the public as to constitute a nuisance.

We think this was error and that the charter provision as to written notice should be held not to apply to a case where the city itself unnecessarily creates and continues an icy condition of one of its public crosswalks so dangerous as to constitute a nuisance. We have recently so held in principle in *Minton* v. *City of Syracuse* (172 App. Div. 39).

Upon the former appeal it was considered there might be a recovery under this complaint if plaintiff's evidence justified a finding by the jury that the city had in fact, without sufficient justification, created a dangerous nuisance at this crosswalk which caused plaintiff's injuries; but we were of opinion that the evidence before us was insufficient to support such a finding.

It appeared without substantial dispute that the natural slope of the land was such that before the city made any ditches or gutters on the west and south sides of the park its surface waters flowed as they do now, down Academy street to the place of the accident at the corner of Second street. The city did not create this condition. If it was a nuisance, the most that can be said is that nature created it and that the city did not construct a drain or sewer below the surface of Academy or Third streets to take care of these surface waters. The mere

neglect of the city to change a natural condition as to surface waters seems to afford no ground for holding section 230 of the city charter not to apply.

We refrain from further discussion of the questions of fact, as there may be further evidence upon the new trial which we think should be had.

The judgment and orders appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred; DE ANGELIS, J., not sitting.

Judgment and orders reversed, and new trial granted, with costs to appellant to abide event.