In the Matter of LINK M. LOTTER, Petitioner, against WEST-CHESTER COUNTY PARK COMMISSION et al., Respondents.

Supreme Court, Special Term, Westchester County, March 21, 1946.

*Albert A. Verrilli* for petitioner.

*William A. Davidson, County Attorney,* for respondents.

SNEED, J. Upon this application it appears that claimant was injured on July 20, 1945, when the horse upon which he was riding in a park in Westchester County, upon stepping on a bridge plank which broke, fell upon complainant. Complain-

ant's leg was broken and his face cut. He was taken to a hospital where he remained in a cast or casts until October 22, 1945. He did not consult an attorney until November 20, 1945, and made this motion for leave to serve notice of claim on February 27, 1946.

At the time of the accident the statutory requirements relating to a claim resulting from negligence in the maintenance of parks and parkways in Westchester County were embodied in chapter 561 of the Laws of 1931, which amended section 16 of chapter 292 of the Laws of 1922, which created the park commission and provided for the maintenance of the county's parks and parkways.

That statute required that an action could not be maintained unless claimant had filed notice of claim within thirty days after the happening of the accident and notice of intention to sue thereon be served upon the county attorney. It further required that an action could not be commenced thereon until the expiration of three months after service of the notice upon the county attorney and must be commenced within six months after the accident.

The present application is made, in February, 1946, under section 50-e of the General Municipal Law which was enacted by chapter 694 of the Laws of 1945, which became a law April 10, 1945, effective September 1, 1945. It provides (L. 1945, ch. 694, § 14) that it shall apply to claims which are not barred by applicable statutory law in force prior to September 1, 1945.

It is at once apparent that the claim here in question was barred by the above-mentioned statute governing claims and actions thereon against these defendants before the 1st of September, 1945, and hence the provisions of section 50-e giving to the courts discretionary power to extend the time of serving a claim as therein provided has no application to this instance.

Although the courts have asserted and exercised inherent power to permit extension of time to file claims beyond the statutory period in instances of very young infants or insane persons, yet, I know of no instance where such power has been asserted where the claimant was an adult with a broken leg or similar injury, and am of the opinion that were it to be asserted it could not be sustained.

It has been stated that the Legislature acts supremely in the organization of municipal corporations and in the fixing of their powers and duties. " The power to grant, or to deny, a remedy

by private action for the breach of a duty, imposed upon it for governmental purposes, and to affix conditions, where the right to an action is given, is not one which should be called in question ". (GRAY, J., in *MacMullen* v. *City of Middletown*, 187 N. Y. 37, 41.)

Municipal liability for injury claims is solely in the control of the Legislature which may prescribe the conditions under which such claims may be enforced. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198.)

In this instant case the provisions of section 50-e of the General Municipal Law are not applicable and claimant has not fulfilled the requirements prescribed by the Legislature.

Motion denied. Submit order.