Bernard S. Meyer, J.
The City of Glen Cove and the Glen Cove Housing Authority move to dismiss for insufficiency each cause of action in the complaint in a declaratory judgment action. Complainants are owners of property within or adjacent to an area which the city has rezoned “ B-7 Municipal High Bise Housing District.” Complainants, in five separate causes of action, seek judgment declaring the ordinance invalid because (1) it is “ spot zoning,” (2) it was enacted pursuant to agreement with the Division of Housing and the Glen Cove Housing Authority and constitutes “ zoning by contract,” (3) it is confiscatory, (4) the notice of hearing was insufficient, and (5) the area rezoned is insufficiently described in the ordinance.
A threshold question is raised by movants’ arguments that the complaint is defective for failure to allege the giving of notice to the Commissioner of Housing and Community Benewal. Section 15 of the Public Housing Law, provides in part: “ With regard to duties or liabilities arising out of this chapter, the state or the commissioner may be sued in the same manner as a private person. In any action or proceeding affecting any state project or the project of a housing company the commissioner shall be given notice thereof, and he shall take such steps in such action or proceeding as may be necessary to protect the public interest. If, in the opinion of the commissioner, it is necessary or desirable in the public interest, that he intervene in such action or proceeding he shall be permitted to do so as a matter of right.” Complainants, reading the first two sentences together, argue that notice need be given only when the action concerns duties or liabilities of the Commissioner. The court does not read the section in so limited a fashion. Its salutary purpose is to permit the Commissioner to intervene as a matter of right in any action or proceeding “ affecting” a project in order to protect the interests of the State set forth in the declaration of policy (Public Housing Law, § 2). Clearly, however, there is no requirement (as there is in General Municipal Law, § 50-i and Education Law, § 3813) that it “ appear by and as an allegation in the complaint or necessary moving papers ” that notice has been given, nor is section 15 of the Public Housing Law so worded (as were the ordinance construed in Skelly v. Village of Port Chester, 6 A D 2d 717, and the charter construed in MacMullen v. City of Middletown, 187 N. Y. 37, 39) as to impose a condition precedent to the bringing of action. *1015 Absence of an allegation of notice is not fatal, therefore, but upon suggestion of the absence of notice, the court may, and generally should, direct the giving of such notice and the suspension of proceedings until notice has been given. Clearly the instant case, involving questions of conflict between provisions of the Public Housing Law (§§ 71, 99, 155) and the General City Law (§ 20, subds. 24, 25; § 83), and between sections of the Public Housing Law itself, should not proceed without such notice. The motions will, therefore, be held in abeyance until notice is given. A short-form order setting forth how notice is to be given has been signed.