Patrick J. Moloney Executive Director New York State Bridge Authority
This letter is in response to your request for an opinion as to whether the New York State Bridge Authority may adopt a policy of prior notification of a dangerous condition as a condition precedent to an action against the Authority arising out of a dangerous condition.
A requirement that written notice of a defective condition be given to the Bridge Authority as a condition precedent to the commencement of an action against the Authority arising out of the dangerous condition could be imposed, but it would have to be done by law rather than by administrative policy. The Court of Appeals has held in two leading cases (MacMullen v. City of Middletown, 187 N.Y. 37 and Fullerton v. City ofSchenectady, 309 N.Y. 701) that such conditions precedent, when imposed by law, are valid and constitutional.
In order for the Bridge Authority to implement such a condition, its enabling legislation (§§ 525, et seq of the Public Authorities Law), which now contains no such provision, would have to be amended.
Consideration should also be given to amending the Authority's enabling legislation so as to require compliance with § 50-e of the General Municipal Law, which requires that a notice of claim be filed within ninety days after the claim arises. See, for example, §1297 of the Public Authorities Law which imposes such a condition on claims against the Environmental Facilities Corporation. Subdivision 4 of § 50-e of the General Municipal Law provides that the condition of prior written notification of a defective condition may be imposed in addition to the ninety day notice of claim if done by law.