Chief Judge Cooke
(dissenting). A reading of the pertinent constitutional and statutory provisions and case law reveals nothing that authorizes the County of Tioga’s enactment of Local Law No. 2 of 1978. Therefore, I respectfully dissent.
The majority finds two constitutional bases for validating the local law. First, the majority relies on a local government’s authority to legislate as to “[t]he presentation, ascertainment and discharge of claims against it” (NY Const, art IX, § 2, subd [c], par [ii], cl [5]). Reading this in conjunction with subdivision 4 of section 50-e of the General Municipal Law, the majority concludes that Local Law No. 2 is a proper procedural rule. Second, the majority finds the ordinance valid under the county’s power to legislate as to “[t]he acquisition, care, management and use of its highways, roads, streets, avenues and property” (NY Const, art IX, § 2, subd [c], par [ii], cl [6]).
Initially, the nature of laws such as Local Law No. 2 should be determined — i.e., does the ordinance affect procedural or substantive rights. The unavoidable conclusion is that the prior-notice law here is a substantive rule. The ordinance’s entire thrust is to remove from the county the threat that it may be found to have had constructive notice of a defect. As this court noted in discussing the purpose of a similar law in MacMullen v City of Middletown (187 NY 37, 41), “The fact of knowledge should no longer be dependent upon inferences from the evidence of circumstances; nor the liability of the municipality be left to a determination reached upon an indulgent construction of the legal rule as to actual notice.”
The conclusion that the local law is substantive is buttressed by a consideration of section 50-e of the General Municipal Law. A notice of claim under that section is “a condition precedent to the commencement of an action or special proceeding” (General Municipal Law, § 50-e, subd 1, par [a]). And such notice may be served after the action is commenced if, among other concerns, “the delay in serving the notice of claim [has not] substantially prejudiced the public corporation in maintaining its defense on the merits” (§ 50-e, subd 5 [emphasis added]). In contrast, a prior-notice law is characterized as “a condition precedent *422 to liability for damages or injuries” (§ 50-e, subd 4), rather than merely a condition precedent to the commencement of an action. In keeping with its substantive nature, the failure to give such notice is not remediable by a later act.
As a substantive rule of law, then, a prior-notice ordinance does not come within the constitutional language regarding a local government’s power to legislate over “[t]he presentation, ascertainment and discharge of claims against it” (NY Const, art IX, § 2, subd [c], par [ii], cl [5]). The terms of clause (5) sound in procedural, not substantive law.
In addition, when viewed in light of the over-all limitation precluding local governments from legislating inconsistently with the general law of the State (NY Const, art IX, § 2, subd [c], par [ii]), clause (5) cannot reasonably be read to authorize enacting substantive laws. First, a municipality has no immunity from lawsuit greater than that of the State unless authorized by Constitution, statute, or charter (see Bernardine v City of New York, 294 NY 361, 364-365). If clause (5) is to be read as providing such authority, then nothing exists to prevent any municipality from granting itself total immunity. This, of course, is contrary to the policy underlying the Court of Claims Act, which is generally to subject the State and its subdivisions to liability “determined in accordance with the same rules of law as applied to actions * * * against individuals or corporations” (Court of Claims Act, § 8; see Bernardine v City of New York, supra). Second, it is difficult to identify any area of law that is not already the subject of either statute or case law, including rules about constructive notice. Consequently, as a practical matter, no municipality can limit its immunity through the amendment by local law of substantive rules of law without running afoul of the State’s general law as declared in section 8 of the Court of Claims Act. Thus, clause (5) reasonably can be construed as applying only to procedural matters; a contrary interpretation would recognize a grant of power that would be virtually meaningless. And, as a limited grant of power to adopt procedural rules, clause (5) cannot be authority for a substantive law such as Local Law No. 2.
*423 Nor can it be said that subdivision 4 of section 50-e of the General Municipal Law provides any such authority. Section 50-e as a whole is a procedural statute regulating the commencement of actions against municipalities. Subdivision 4 states that section 50-e sets forth the exclusive requirement for serving a notice of claim as a condition precedent to commencing such actions, but that actual notice of the defect is not thereby dispensed with when required by law.* The majority, focusing on a single phrase in subdivision 4 — “where such notice now is, or hereafter may be, required by law” (emphasis added) — asserts that this implicitly authorizes local governments to enact prior-notice laws. Accurately read, however, subdivision 4 does nothing more than resolve a potential conflict, present or future.
It should be noted that the terms of subdivision 4 are particularly detailed. Its proviso refers to “the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon”. This substantially repeats the language in subdivision 1 of section 65-a of the Town Law and section 6-628 of the Village Law, both of which are State-enacted prior-notice laws pre-existing section 50-e. A long-standing standard rule of statutory construction is that the Legislature is deemed cognizant of all existing laws (see Davis v Supreme Lodge, Knights of Honor, 165 NY 159, 166; McKinney’s Cons Laws of NY, Book 1, Statutes, p 56). When prior law is contradicted by subsequent legislation there exists the possibility that the Legislature has repealed the former by *424 implication (see Davis v Supreme Lodge, Knights of Honor, supra, at pp 166-167; cf. American Sugar Refining Co. of N. Y. v Waterfront Comm. of N. Y. Harbor, 55 NY2d 11, 30). Rather than broadly reading subdivision 4 of section 50-e to be an implicit grant of power, it should be recognized as nothing more than careful legislative drafting designed to avoid the potential problem of repeal by implication, whether created by the enactment of section 50-e or by a later State enactment of a prior-notice law.
As to the second constitutional basis urged by the majority, it is agreed that, on its face, Local Law No. 2 is within the county’s legislative power as affecting “[t]he acquisition, care, management and use of its highways” (NY Const, art IX, § 2, subd [c], par [ii], cl [6]). The infirmity of Local Law No. 2, however, arises from its conflict with section 139 of the Highway Law, a general law of the State, thereby rendering the ordinance unconstitutional (see NY Const, art IX, § 2, subd [c], par [ii]).
When it has seen fit to do so, the Legislature has enacted statutes limiting a municipality’s duty to maintain its roads and sidewalks in a safe condition to those situations where there is prior written notice of the defect (see Village Law, § 6-628; Town Law, § 65-a). As to townships, however, the Legislature retained the constructive-notice doctrine to the extent of allowing liability to be imposed when “such * * * condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence” (Town Law, § 65-a, subd 1).
In contrast, section 139 of the Highway Law imposes on a county liability for injuries caused by road conditions “existing because of the negligence of the county, its officers, agents or servants.” Other than referring to a requirement that a notice of claim must be served in compliance with section 50-e of the General Municipal Law, section 139 makes no mention of notice — written, oral, actual, or constructive — of the defect as a condition precedent to a finding of negligence. In the absence of such language, counties “are answerable equally with individu *425 ais and private corporations for wrongs of officers and employees” (Bernardine v City of New York, 294 NY 361, 365, supra) and thereby subject to liability on the basis of constructive, as well as actual notice. If the Legislature had desired to do otherwise, it clearly'knew how to achieve that goal.
No different result is compelled by the two cases relied on by the majority. Indeed, the local law considered in MacMullen v City of Middletown (187 NY 37, supra), rather than being a “delegation of legislative authority” or a legislative “deferr[al] to the localities to determine what notice is required” (at p 420), was actually part of the city charter (187 NY, at p 39), enacted by the State Legislature itself (L 1902, ch 572). The majority correctly notes that, in MacMullen, this court “held a prior notification provision in a municipal charter to be a valid exercise of legislative power” (at p 420). What the majority overlooks is that the MacMullen ordinance was held a valid exercise of the State’s legislative power in that, in delegating powers to political subdivisions, the Legislature acts supremely and may impose any condition on bringing a civil action against a municipality (MacMullen v City of Middletown, supra, at pp 41-43). Thus, MacMullen offers no support to the majority’s position, as the validity of a local law in a home-rule context was not at issue there.
Nor is Fullerton v City of Schenectady (285 App Div 545, affd no opn 309 NY 701, app dsmd 350 US 980) of any assistance to the majority. The Appellate Division there upheld the local law on the express finding that it was within “the constitutional power of the Legislature to delegate to a city of the second class the right to supersede provisions of a statute that applied to it” (285 App Div, at p 547). No such delegation exists here as to section 139 of the Highway Law. Moreover, although the Legislature has granted towns and villages the power to amend or supersede the Town Law and Village Law, respectively (Municipal Home Rule Law, § 10, subd 1, par [ii], cl d, subcl [3]; cl e, subcl [3]), no such general power has been granted to counties (compare Municipal Home Rule Law, § 10, subd 1, par [ii], cl b). The legal basis for validating the Schenec *426 tady ordinance in Fullerton simply is not present in the instant case.
In conclusion, Local Law No. 2 should be recognized as a substantive law in conflict with the provisions of a general law, section 139 of the Highway Law. As such, it is unconstitutional. Accordingly, I would affirm the order of the Appellate Division and answer the question certified in the affirmative.
Judges Gabrielli, Wachtler and Meyer concur with Judge Jasen; Chief Judge Cooke dissents and votes to affirm in a separate opinion in which Judges Jones and Fuchsberg concur.
Order, insofar as appealed from, reversed, with costs, and the second affirmative defense reinstated. Question certified answered in the negative.

 Subdivision 4 of section 50-e of the General Municipal Law reads in its entirety: “Requirements of section exclusive except as to conditions precedent to liability for certain defects or snow or ice. No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim; provided, however, that nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk, or of the existence of snow or ice thereon, where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice.”