## Case No. 12,417.

### SAYLES v. DUBUQUE & S. C. R. CO.

[5 Dill. 561; 3 Ban. & A. 219.] [1]

Circuit Court, D. Iowa. Feb., 1878.

PATENTS—JURISDICTION IN EQUITY — ASSIGNMENT —EXTENSION OF PATENT—STATUTES OF LIMITATION.

1. Equity has jurisdiction of a bill by a patentee against an infringer which seeks a dis-

covery and account of profits. See Stevens v. Kansas Pac. Ry. Co. [Case No. 13,401].

2. The assignment by the patentee to the plaintiff, set out in the bill, *held* to give the latter the whole benefit of the invention, including any extended term.

3. The patent in question *held*, on demurrer, to have been extended at the instance and for the benefit of the inventors.

4. The act of congress of 1870, § 55 [16 Stat. 206], as to limitation of actions for infringements of patents, construed, and *held* to bar any claim in respect of the original patent.

5. Whether state statutes of limitation apply to suits for infringement of letters-patent, quære?

[See Anthony v. Carroll, Case No. 487.]

[Cited in May v. Buchanan Co., 29 Fed. 472.]

6. The defendant company is not liable for the profits made by a predecessor company.

Letters-patent [No. 9,109] were issued July 6th, 1852, extended July 5th, 1866, to Henry Tanner, for an improvement in railroad car brakes. The extended term expired July 6th, 1873. The plaintiff [Thomas Sayles] is Tanner's assignee. On February 5th, 1877, he filed his bill in equity, stating that the defendant has used the invention and derived large profits therefrom, and praying a discovery thereof and an account, etc. The defendant filed a general and special demurrer to the bill.

A. H. Walker, for plaintiff.
George Payson, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

PER CURIAM. We have considered the points made in argument upon the demurrer to the bill. We have no time to elaborate our views. It must suffice to state our conclusions. We do this at this time so that the cause may proceed. These conclusions are not, on all the points. so fixed as to preclude further argument and consideration on the final hearing. The views which we now entertain of the questions made, are as follows:

1st—As to the jurisdiction of equity over the bill. Although the original and extended term of the letters-patent had expired before this suit was brought, we think the bill can be maintained in equity, on the ground that it seeks a discovery and accounting for profits made by the defendant's use of the plaintiff's property, which profits, if not trust moneys strictly. are of that nature, and necessarily require an investigation, which a court of law is not so competent to make as a court of equity.

2d—As to the effect of the assignment to Tanner of April 1st. 1852. By an amendment to the bill of complaint, it appears that on the same 1st day of April. 1852. Tanner executed an instrument to the inventors, Thompson & Bachelder, by which the latter were to participate in the gains and benefits which should accrue to Tanner by reason of

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and by Hubert A. Banning. Esq.. and Henry Arden. Esq.. and here compiled and reprinted by permission.]

their assignment to him. Under the bill as amended, we are of the opinion that the said assignment of April 1st, 1852, by the inventors to Tanner, was intended to give to the latter the whole benefit of the invention, including the original term and any extended term.

3d—As to the extension of the patent on the 5th day of July, 1866. Assuming that Tanner executed a cotemporaneous agreement, such as is alleged in the amendment to the bill, the administrator of one of the inventors, and the other in person, having petitioned for the extension of the said patent, we are of opinion that it was within the competency of the commissioner of patents to grant such extension, since it was made at the instance of the inventors, and would inure to their benefit. Under these circumstances, although the legal title in the extension might be in the patentee, Tanner, the inventors would have a clear, equitable interest in it; thus satisfying the policy of the law in the encouragement and reward of inventors.

4th—As to the statutes of limitation. We are inclined to the opinion that the state statute of limitation has no application to suits in respect of the rights granted by letters-patent for inventions, but we leave the question open to further discussion. This bill was brought in February. 1877; the original term expired July 6th, 1866; the extended term July 6th, 1873. The act of congress of 1870, § 55 [16 Stat. 206], prescribed that "all actions shall be brought during the term for which the letters-patent shall be granted or extended, or six years after the expiration thereof." This limitation continued in force until the 1st day of December, 1873, when the revised statutes took effect, repealing it.

Since the original and extended term of a patent may be, and often is, held by different persons, and since the language of the limitation statute of 1870 is ambiguous, in view of the injustice to defendants of requiring them to account for profits made any time since the date of the original patent, in 1852, a period of twenty-five years. when the proofs may be lost, . we are of the opinion that their right is barred to recover for profits or damages during the original term. An inquiry of profits or gains within a period of five years is difficult, as the profits gained depend upon many conditions. When we come to carry such an investigation back for almost a quarter of a century, accuracy of results is almost impossible, and the laches of a patentee coming forward at such a late date does not give him a very favorable position in a court of equity.

What is the proper rule to measure compensation in a court of equity, is a question not arising on the demurrer, and is not implied from the above use of the words "profits" and "gains."

5th—As to the liability of the present company to account for profits made by the prior company. On its face the bill shows no liability of the present company for the ·profits gained by the former company. This liability is based upon an allegation of merger. What is meant by that, in a legal sense, as applied to these two corporations, we do not know or understand. If any facts exist which make the present company liable for the acts of the former company in respect of this patent, such facts ought to be stated in the bill. The amendment to the bill, in this regard, shows no liability on the part of the present company for the use of the patent by the prior company. The plaintiff has not established his debt or claim against that company by a judgment. That company is not a defendant here. No facts are stated showing that the property of the prior company, which was acquired by the defendant company, was taken with a trust fastened on it to pay the debts of the prior company.

An entry will be made on the demurrers in conformity with these views. Ordered accordingly.

[For other cases involving this patent, see note to Sayles v. Chicago & N. W. Ry. Co., Case No. 12,414.]