MAY *v.* BUCHANAN Co., IOWA.

(*Circuit Court, N. D. Iowa, E. D.* November Term, 1886.)

1. COURTS—OF UNITED STATES — STATE STATUTE OF LIMITATIONS — PATENTS— REV. ST. U. S. § 721.
    Under Rev. St. U. S. § 721, providing that "the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply," an action in a federal court to recover damages for infringement of a patent is not subject to a state statute of limitations.

2. SAME—CLAIM AGAINST COUNTY—STATE STATUTE.
    But such action is subject to a state statute requiring a demand against a county for unliquidated damages to be presented to the board of supervisors of the county, and payment demanded, before bringing action upon it.

Action for damages for infringement of a patent. Demurrer to petition.

*Runnells & Walker*, for plaintiff.

*J. E. Cook*, for defendant.

SHIRAS, J. In the petition filed in this cause, it is averred that on the fourth day of October, 1859, letters patent, in due form, were issued to one Edwin May for an improvement in the construction of prison cells, and on the fourth day of October, 1873, an extension of said patent for a further term of seven years was duly granted to said May; that in February, 1880, said Edwin May died, in the state of Indiana, and that plaintiff, by proper proceedings had in the probate court, and conveyances executed under the orders thereof, has become and is the owner of all the rights conferred by and growing out of said letters patent to said Edwin May; that between the fourth day of October, 1873, and the same

day in 1880, the defendant, without right or authority so to do, did make and use sundry apparatus and machinery which infringed upon the exclusive rights secured by said letters patent to said Edwin May, whereby the plaintiff has been deprived of the reasonable royalty upon said infringing apparatus, to the damage of plaintiff in the sum of $3,000.

To this petition a demurrer is interposed, on the grounds that the petion shows on its face that the cause of action is barred by the statute of limitations of the state of Iowa,—the action having been brought after the expiration of five years from and after the date when the extended patent expired; and because it is not averred that the demand, being for unliquidated damages, had been presented to the board of supervisors, and payment demanded, as required by section 2610 of the Code of Iowa.

This action is brought under the provisions of section 4919 of the Revised Statutes, which enacts that "damages for the infringement of any patent may be recovered by action on the case, in the name of the party interested, either as patentee, assignee, or grantee." By section 55 of the patent act of 1870 it was provided that "all actions shall be brought during the term for which the letters patent were granted or extended, or within six years after the expiration thereof." As to causes of action arising after June 22, 1874, this limitation was repealed by the adoption of the Revised Statutes, according to the provisions of section 5596 thereof, but, by section 5599, was continued in force as to all causes of action then in existence. If, then, the cause of action in the present case had arisen before June 22, 1874, it would be barred by the limitation of six years found in the act of congress of 1870.

The petition avers more than one act of infringement, and as to those committed after June 22, 1874, the question is whether the action to recover for these is or is not subject to the limitation of the state statute. This question has not been finally settled by the supreme court of the United States, and the decisions of the circuit courts are not in harmony. See Walk. Patents, § 477, where the cases are cited and commented upon.

Where, as in this case, the action is based upon the rights conferred by the statute of the United States, then the better rule seems to be that the state statute of limitations, *ex proprio vigore*, does not apply. The right to a patent, and to the exclusive use of the rights conferred thereby, is wholly of federal creation, and the state cannot either extend or limit the time within which an action for the protection of these rights may be brought under the federal statute. It is, however, within the power of congress to declare that actions brought under the provisions of the United States laws shall be subject to the limitations enacted in state statutes. In other words, congress may adopt the provisions of the state statute, and make the same applicable to actions for the enforcement or protection of rights wholly created by federal legislation, and of which actions jurisdiction is exclusively in the federal courts.

The question is whether congress has thus adopted and made appli-

cable the provisions of the state statute.  It is argued that section 721 of the Revised Statutes, which declares that "the laws of the several states, except where the constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply," should be held to include the state statute of limitations, and to render the same applicable in all cases wherein the United States statute does not prescribe a period of limitations.  In the absence of an authoritative construction of this section by the supreme court, it cannot be denied that the extent and scope of the section is in doubt.

In the case of *U. S.* v. *Reid*, 12 How. 361, referring to the similar section in the act of 1789, the supreme court held, "that the language of this section cannot, upon any fair construction, be extended beyond civil cases at common law, as contradistinguished from suits in equity.  So far as concerns rights of property, it is the only rule that could be adopted by the courts of the United States, and the only one congress had the power to establish; and the section above quoted was merely intended to confer on the courts of the United States the jurisdiction necessary to enable them to administer the laws of the state."

In *McNiel* v. *Holbrook*, 12 Pet. 84, the court held that, under this section, the rules of evidence prescribed by the laws of the state were applicable in trials at common law in the United States court; saying that, "indeed, it would be difficult to make the laws of the state, in relation to the rights of property, the rule of decision in the circuit courts, without associating with them the laws of the same state, prescribing the rules of evidence by which the rights of property must be decided."

It is manifest that the laws of a state, to be of force, and to control the decision of any court, state or federal, must be laws rightfully enacted; that is to say, laws within the power of the state legislature to enact.  The state laws, therefore, which are intended to be included within section 721 of the Revised Statutes, as rules of decision to be followed by the federal courts, must be laws within the power of the state to enact.  The state, having the right to deal with the subject-matter in the way of legislation, can, through its legislature, adopt laws defining the rights of persons in connection therewith; and these laws, creating or defining the rights of persons in the premises, or the rights of property, and the laws providing for the mode of enforcing or protecting these rights, including those prescribing the time within which actions may be brought, and the rules of evidence to be followed, will constitute rules of decision which the courts of the United States must, in dealing with rights thus created, defined, or limited, observe and enforce.  But the laws of a state cannot constitute rules of decision, binding and obligatory upon courts of the United States, in matters or rights which are wholly without state control, and wholly within federal control; and the true construction of section 721, therefore, is that it makes applicable as rules of decision in the federal courts those laws of the states which, dealing with subjects within state control, create or define rights in or to property,

and provide the mode of protecting or enforcing these rights. When the state legislature adopted a statute of limitations, it was intended to apply to proceedings brought to enforce causes of action cognizable in the courts of the state, and, when the cause of action lies without the jurisdiction of the state, then the state statute of limitations cannot be made applicable thereto by any declaration, express or implied, of the state legislature.

If the laws of congress on the subject of patents were repealed, there would not exist any right to a patent; or, in other words, the inventor would not have any enforceable right of property in his invention, or the fruits thereof. This right of property is created by the acts of congress, and state legislation does not deal therewith. Thus, it is clear that the state legislature could not legally enact that none of its citizens should apply for and obtain a patent for an invention, unless he should apply for the same within six months, or any other time; and the right to protect the property created by the patent laws, by bringing an action at law or in equity, conferred by the act of congress, cannot be limited or affected by state legislation. When, therefore, the state adopted its statute of limitations, it did not have the right, nor can it be supposed that it was the intent of the legislature to attempt, to limit the time within which actions might be brought, under the provisions of the act of congress, for the protection of the patent-rights created by the laws of the United States. To make the state statute of limitations, therefore, applicable to an action to recover damages for an infringement of a patent, it must appear that congress has, by law, adopted and made applicable the state statute; and this is not the effect of section 721, if the view expressed of that section is correct, to-wit, that it includes only the laws of the state which deal with subjects within state control.

In *Sayles* v. *Dubuque & S. C. R. R. Co.*, 5 Dill. 561, heard before DILLON and LOVE, JJ., it is stated: "We are inclined to the opinion that the state statute of limitations has no application to suits in respect of the rights granted by letters patent for inventions, but we leave the question open to further discussion."

While this case left the question open, still it gives a clear intimation of the view entertained by the court, and sustains the conclusions reached in the present case, which may be summed up as follows: (1) That as it is not within the power of the state legislature, by direct enactment, to define or limit the time within which an action to recover damages for an infringement of a patent may be brought in the United States courts, it follows that the general statute of limitations of the state does not, *ex proprio vigore*, apply to or control such an action. (2) That, to limit the time within which an action under section 4919 of the Revised Statutes of the United States may be brought, it must appear that the congress of the United States has fixed a limitation of time; which may be done by showing that congress has, as in the patent act of 1870, prescribed the time within which such actions must be brought, or that it has expressly adopted, and made applicable thereto, the provisions of the state statute. In the latter case, as well as in the former, it is, how-

ever, the act of congress which creates the limitation. (3) That section 721 of the Revised Statutes declares that the laws of the state shall be followed as rules of decision "in cases where they apply;" that is, in cases which involve matters or rights within the legislative jurisdiction of the state. (4) That as the subject of granting letters patent, and authorizing actions to be brought for the protection of the rights thus created, is wholly without state control, the general statute of limitations of the state does not, *ex proprio vigore,* apply thereto, and, not applying, is not made a rule of decision governing the United States court, by the provisions of section 721.

So far, therefore, as the demurrer is based upon the ground that the action is barred by reason of the provisions of the state statute of limitations, it is not well taken, and is overruled.

The other ground of demurrer is that it is not averred that the claim for damages, being unliquidated, was presented to the board of supervisors, and a demand for payment thereof made, before bringing suit, as required by the provisions of section 2610 of the Code of Iowa. Counsel for plaintiff claim that this provision of the state law is not applicable to actions in the United States courts brought to recover damages for infringement of a patent, because the subject-matter of such actions is beyond state control, and cannot be affected by state legislation. If the section of the Code in question dealt with the subject of patents, or sought to limit or control the proceedings authorized by the act of congress for the enforcement or protection of the rights created by the issuance of a patent, the argument of counsel would be applicable; but such is not the object or purport of this section. The right to sue a county of the state and recover judgment against the same is a right dependent upon the laws of the state. The powers, rights, and liabilities of a county, including the liability to be sued, are wholly derived from the state legislation; and the legislature may, in imposing upon the county the liability to be sued, surround such liability with such safeguards as it may deem wise and proper. If the laws of Iowa did not confer upon the county the right to sue and be sued, the plaintiff could not maintain the present action; and as the plaintiff, in bringing suit against the county, is availing himself of a right created by the state, he must take the right with the limitations placed thereon by the power which creates the right. Having the right to create the municipal subdivision known as a "county," and to prescribe the rights, powers, and liabilities pertaining thereto, the state has the right to enact that the county cannot be sued until a proper demand for payment or settlement has been made; and this enactment is one which the United States courts are bound to follow and enforce.

Upon this ground the demurrer to the petition is well taken, and is sustained.