# CHARLESTON.

### JENNINGS v. WILES.

Submitted September 17, 1918.	Decided September 24, 1918.

1. JUDGMENT—*Motion for Judgment—Motion to Quash—Demurrer—"Pleading."*

   A notice of motion for judgment under Sec. 6, Ch. 121, Code, takes the place of both a declaration and a summons in an ordinary action, and a motion to quash such notice is, in effect, a demurrer thereto, and hence is a pleading within the meaning of Sec. 47, Ch. 125, Code. (p. 575).

2. SAME—*Default—Motion to Vacate.*

   Where a defendant, immediately after being served with notice of a motion for judgment, employs counsel to defend the suit, and is advised by him that the notice is defective and that he will appear for him and move to quash it, and that, if his motion should be overruled, it will then be time to make defense, and his counsel informs the clerk of the court of his employment and purpose to move to quash the notice, and on the day to which the motion is returnable is in the court room and remains there until

the clerk has nearly finished calling the docket and then, by permission of the court, retires to his office, which is in the same town in which the court is held, to fulfill a previous business engagement, and thereafter returns to the court room during the recess hour and remains until the expiration of the time at which the court usually reconvenes, and again retires to his office, under the information and belief that the court had adjourned for the day, and later in the day, about 2:00 P. M., counsel for plaintiff appears and, in his absence, obtains a default judgment for plaintiff, and defendant's counsel appears on the next morning, after such judgment had been entered up, and moves the court to set it aside, and hear a motion to quash the notice for insufficiency, and the court thereupon sets a future day in the term for the hearing thereof, requiring notice thereof to be given plaintiff's counsel, and on the day appointed counsel for the respective parties appear and defendant's counsel files his affidavit stating the foregoing facts and also his client's counter-affidavit showing that he has a good defense to the suit, which affidavits are uncontradicted, good cause is thereby shown calling for the setting aside of the judgment and granting the defendant an opportunity to make defense. (p. 575).

Error to Circuit Court, Monongalia County.

Action by M. J. Jennings against J. W. Wiles. Judgment for plaintiff by default, motion to set aside the judgment overruled, and defendant brings error.

*Reversed and remanded.*

*Lazzelle & Stewart,* for plaintiff in error.

*C. W. Flesher,* for defendant in error.

WILLIAMS, JUDGE:

Mrs. M. J. Jennings recovered a judgment against J. W. Wiles on the 4th of October, 1917, on notice and motion. The judgment was by default. On the following morning defendant appeared by counsel and, before the orders of the preceding day had been signed, moved the court to set it aside and quash the notice as being insufficient in law. Plaintiff's counsel was not then present, and the court set the 15th of October for the hearing of the motion and required notice thereof to be given to the plaintiff's counsel. Counsel for the respective parties then appeared, and defendant's counsel tendered and was allowed to file a number of affidavits for

the purpose of showing that good grounds existed for setting aside the judgment. No counter-affidavits were offered by the plaintiff. The court overruled defendant's motion and refused to set aside the judgment, and defendant was awarded this writ of error. These proceedings were all had at the same term of court.

It was not necessary for defendant to tender a written plea to the notice, as his motion to quash was in effect a demurrer, and his affidavits filed in support of his motion to set aside the judgment are sufficient counter-affidavits. The notice of motion, under section 6, chapter 121, Code, takes the place of both a declaration and summons in an ordinary action, and a motion to quash the notice is in effect a demurrer thereto, and is a pleading within the meaning of section 47, chapter 125, Code. But it was first necessary to set aside the judgment before the demurrer or motion to quash could be entertained. If the judgment had been set aside and the motion to quash had been overruled, there would have been time then to plead. *Snyder* v. *Cochran*, 80 W. Va. 252. Hence, the only question here presented is, has defendant shown good cause for which the judgment should have been set aside.

Section 47, chapter 125, Code, provides that where judgment by default "has been entered up in court * * * * * *, it shall not be set aside without good cause be shown therefor." The affidavits filed by defendant's counsel must be accepted as true, they being uncontradicted. It appears that as soon as defendant was served with notice of the suit he employed the law firm of Lazzelle & Stewart, in the City of Morgantown, to defend the suit, and was then advised by Mr. Lazzelle that he thought the notice was not sufficient in law and the court ought to sustain a motion to quash it; that if the court refused to do so, it would be time enough then to get ready for trial. Affiant Wiles also says the claim is without any merit, that plaintiff never gave him any money to buy furniture with, that he does not owe her anything at all, and that if he were given an opportunity he believes he can defeat her claim. Wiles is corroborated by the affidavit of I. G. Lazzelle, senior member of the firm of Lazzelle &

Stewart, and the one in charge of the case. This, affiant also says that, as soon as the notice was filed in the clerk's office, he went to the clerk and notified him that he was employed as counsel for the defendant, that there were no grounds for the suit and that he intended to move the court to quash the notice; that he went to the court room on the morning of the day to which the notice was returnable with the intention of moving to quash it, and remained there for sometime while the docket was being called, but, having important business in his office which required his presence at a fixed time, he asked the court to be excused and went to his office; that about 1:30 o'clock in the afternoon, that being the hour at which the court usually convened after the noon recess, he returned to the court room and remained there from a half to three-quarters of an hour, and the judge not then having returned, and being informed by someone that the court had adjourned, he went back to his office, believing that there would be no further court on that day and did not return to the court room until the next morning; that he is ac-quainted with the facts in connection with plaintiff's claim and has seen papers and correspondence relating to it, and that, from the information thus obtained, he believes plaintiff's claim is without merit and that she is not entitled to recover anything thereon. That he knew counsel for plaintiff, and looked about on that day for him and failed to see him or learn of his presence in the city.

It appears from the affidavit of the clerk of the circuit court that plaintiff's attorney appeared about 2:00 o'clock P. M. on the day on which the notice was returnable, at which time both members of the firm of Lazzelle & Stewart were absent. This affiant also says he had been informed by Mr. Lazzelle that he was counsel for the defendant and intended to appear for him and move to quash the notice, that said Lazzelle took the papers out of the clerk's office to examine them and on a later day returned them.

These affidavits are sufficient proof of good cause for setting aside the judgment. Defendant's counsel admits that if there was any negligence, he himself, not his client, is responsible for it, but denies that he was negligent. Having

employed counsel and entrusted his defense to him, defendant would have to suffer for the inexcusable negligence of his counsel, if he were guilty of any. The question of negligence is generally one of mixed law and fact, and its determination and applicability depend upon the facts and circumstances of each particular case; what might constitute negligence in one case might not be so regarded in another. The exercise of reasonable diligence, in any case, excludes negligence, and no inflexible rule can be stated to fit the facts of every case.

The same principles must be applied in this case as in case of a party petitioning the judge of a circuit court for an appeal from the judgment of a justice of the peace, after the expiration of the time within which he is entitled to appeal as a matter of right. It is, therefore, necessary to show "fraud, accident, mistake, surprise or some other adventitious circumstance beyond the control of the parties, and free from negligence on his part." *Post* v. *Carr*, 42 W. Va. 72.

Defendant's counsel has shown that he was reasonably diligent. He appeared in the court room in the morning while the docket was being called, awaiting an opportunity to make his motion; reasonable diligence could hardly require him to anticipate the plaintiff's motion and move to quash the notice in advance of the motion for judgment. The case was not called in the morning, and counsel appeared again in the afternoon and remained a half or three-quarters of an hour, until the time had passed at which the court usually reconvened, and, being informed that the court had adjourned, he went to his office to meet a previous engagement, and did not return to the court room that day. He knew plaintiff's counsel resided in a distant county of the State, and he had not seen him in the court room or in the city that day. He also appeared in court the next morning when the orders of the previous day were being read, and before they were signed moved the court to set aside the judgment. Under those circumstances we hardly think counsel should be charged with negligence; reasonable diligence did not require him to be present in the court room every moment the court was sitting. The facts in *Post* v. *Carr*, *supra*, are very

different from the facts here. There Carr was sued in the circuit court of Ohio county. When he was served with process he mailed it to his counsel in Zanesville, Ohio, with the request to enter an appearance for him. His counsel happened to be absent from Zanesville and did not get the letter until the very day the judgment was entered and of course did not appear. Though defendant's residence was also in Zanesville, he made no effort to ascertain whether his counsel had received his letter, although defendant was at home several times between the time he was served with process and the date the judgment was entered. This of itself was sufficient to show negligence on defendant's part. He should have made sure that his counsel would appear for him. If he had done so, and counsel had been prevented by sickness or some other adventitious circumstance from doing so, it might have been sufficient to overcome the charge of negligence.

Here the defendant actually employed counsel in due season to appear for him and make defense. Counsel did appear, and has shown that he was reasonably diligent in his efforts to be present when plaintiff's motion was heard. In view of the facts, shown by the uncontradicted affidavits, it appears that the hearing of the motion for judgment in his absence was at least a surprise. He knew plaintiff's counsel lived out of the city, and he had looked for him and was unable to see him or learn of his presence at court. The clerk admits he knew the firm of Lazzelle & Stewart was employed as counsel for defendant, and was informed that Mr. Lazzelle intended to make defense. Why the clerk did not call the court's attention to this fact, or notify Lazzelle & Stewart of the appearance in court by plaintiff's counsel, and thus give them an opportunity to be heard on the motion, does not appear. If the clerk did not notify the court that defendant had employed counsel who desired to appear to the motion, common courtesy to counsel, under the circumstances, certainly required that he should have done so. We can hardly imagine that the court would have considered the motion in the absence of opposing counsel, if it knew they had been employed to make defense, without affording them an

opportunity to be heard, especially in view of the fact that they were in the city, and could have been notified without materially delaying the proceedings of the court.

Although a motion to set aside a judgment is addressed to the discretion of the court, it is a sound and reasonable discretion largely controlled by legal principles, and is reviewable on appeal. The reverse of the rule which is often applied in determining whether the judgment of a court setting aside a verdict and granting a new trial, should be reversed, is here applicable; that is, it requires a weaker case to reverse the judgment of a court refusing to grant a new trial than it does to reverse a judgment granting a new trial. This rule rests on the principle, that if an error has been committed the court will have an opportunity to correct it in the interest of justice on another trial, whereas, if a new trial is refused, the judgment becomes final and the error, if any, irremediable. A trial of the motion in this case is not apt to result in injustice to either party, whereas the refusal to reopen the case might result in great injustice to the defendant. If the facts stated in the affidavits are true, and we are bound to so regard them in considering this writ of error, it will certainly result in injustice to him. The facts in this case are somewhat similar to those in *Wilson* v. *Ice,* 78 W. Va. 672, and *Varney & Evans* v. *Lumber & Mfg. Co.,* 64 W. Va. 417, and it is determined according to the principles therein announced.

The judgment is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*