## MARION COUNTY COURT, W. VA., v. RIDGE et al.

(Circuit Court of Appeals, Fourth Circuit. June 8, 1926.)

No. 2477.

**1. Courts ⬤⇒354—In federal court, motion to set aside judgment made during term, and held open, may be acted on thereafter.**

While a federal court has no power to set aside judgments after the term at which they are rendered, it has complete control over them during the term, and, where motion to set aside is made during the term, and held open for further consideration, it may be acted on after the term has expired.

**2. Courts ⬤⇒354.**

On a motion to set aside a judgment, federal courts are governed by the practice prescribed by the state statutes.

**3. Judgment ⬤⇒145(1)—Motion to set aside default judgment held to show "good cause" (Code W. Va. c. 125, § 47).**

Motion to set aside default judgment against a county court of West Virginia, entered more than 4 years after the action was commenced, *held* to show "good cause," within Code W. Va. c. 125, § 47, where summons was served on a chairman of the court, who soon went out of office, as did the county attorney, and his successor had no knowledge that the county was in default for want of answer, and relied on a rule of court requiring notice before trial, and especially in view of the long inaction of plaintiff.

**4. Counties ⬤⇒222—Declaration, not showing presentation and disallowance of claim against county, as required by state statute, held insufficient (Code W. Va. c. 39, § 41).**

Declaration in an action on contract against a county court of West Virginia does not state a cause of action which will sustain a judgment by default, where it does not allege prior presentation of the claim to the county court and its disallowance. as required by Code W. Va. c. 39, § 41.

**5. Courts ⬤⇒374.**

Limitations on suits against counties imposed by state statute, requiring presentation of claims, will be enforced in federal courts.

In Error to the District Court of the United States for the Northern District of West Virginia, at Wheeling; William E. Baker, Judge.

Action by Patrick Ridge and another, partners doing business as the Ridge Bros. Company, against the County Court of Marion County, W. Va. From an order denying a motion to set aside judgment for plaintiffs, defendant brings error. Reversed and remanded, with directions.

M. W. Ogden, M. E. Morgan, and John W. Mason, Jr., all of Fairmont, W. Va., for plaintiff in error.

John J. Coniff, of Wheeling, W. Va., for defendants in error.

Before WADDILL and PARKER, Circuit Judges, and COCHRAN, District Judge.

PARKER, Circuit Judge. Patrick Ridge and Mike Ridge, partners doing business as Ridge Bros., plaintiffs in the court below, obtained a default judgment for the sum of $20,090.11 against the defendant, county court of Marion county, W. Va., at the October term of the United States District Court at Wheeling, W. Va. The defendant, at the same term, made a motion to set aside the judgment and the verdict on which it was rendered; and from an order denying the motion this writ of error is prosecuted. The parties will be referred to in accordance with their respective positions in the court below.

This action was one of trespass on the case, in assumpsit, in which plaintiffs sought to recover $50,000 for losses alleged to have been sustained as a result of breach of contract by defendant, $50,000 for the value of machinery of plaintiffs, alleged to have been appropriated by defendant to its own use, and for $8,000 as balance due plaintiffs for road work performed under contract. Summons was issued October 8, and served October 15, 1920. The declaration was filed January 5, 1921. Thereafter no action whatever was taken in the cause until October 21, 1924, 3 years and 9 months later, when, upon the calling of the docket on the first day of the regular term at Wheeling, the defendant was called in open court, and the case was set for trial November 10th. On that date, November 10, 1924, the case was called for trial, and, the defendant being called and not appearing, a jury was impaneled, and found for plaintiffs, and assessed their damages at $20,090.11. Three days later, but during the same term, defendant appeared and moved that the verdict be set aside, and for a new trial, and an order was thereupon entered allowing defendant 20 days in which to file grounds in support of its motion. These grounds were duly set forth in an affidavit, which was filed within the time allowed, whereupon the court took the matter under advisement, and on August 28, 1925, signed the order denying the motion.

The affidavit filed shows that defendant had a meritorious defense to the action, and that the judgment was taken as the result of surprise, mistake, and excusable neglect on the part of defendant and its counsel, and is irregular, in that the declaration does not contain an averment, in accordance with the statute of West Virginia, that demand for the claim in suit had been presented to the defendant county court, and disallowed in whole or in part.

As to the defense, the affidavit avers that plaintiffs abandoned their contracts to construct roads for defendant; that defendant was obliged to take over the road work and complete the roads at considerable loss; and that the dispute between plaintiffs and defendant as to the loss sustained, as a result of the breach, had been compromised by the payment to defendant of the sum of $15,000 by the surety on the bonds accompanying the road contracts involved in the case.

With respect to surprise, mistake, and excusable neglect, on the part of defendant and its counsel, the affidavit alleges that the summons was served upon one Shaffer, who was president of the county court in 1920, but who went out of office in January, 1921; that the county attorney is the person having charge of litigation of this character against the defendant, and that a new county attorney was chosen on January 1, 1921, who had no knowledge of the fact that this action had been instituted until the latter part of that year; that, upon being informed that an action of some sort was pending against defendant in the federal court, the county attorney addressed a letter to the deputy clerk, making inquiry as to whether any such action were pending; and that he received a letter in reply, under date of December 14, 1921, from the clerk of the court at Wheeling, advising that the action was pending there, and giving the nature of the action, the amount demanded, and the date of the issuance of summons, but not advising that the declaration had been filed, that the answer had not been filed, or that defendant was in default. The position of defendant with respect to this is that the letter of the county attorney was notice that he was appearing in the case; that he was not apprised by the letter of the clerk that defendant was in default; that section 11 of the rules of practice of the District Court for the Northern District of West Virginia provides that any party desiring trial of a civil action shall give notice in writing to the adverse party or his counsel, and shall file same, together with proof or acknowledgment of service, in the clerk's office, at least 20 days before the term; and that he was justified in assuming that the case was at issue; and that he would be duly notified, according to rule, in advance of trial. Defendant also takes the position that section 13 of the rules of the court provides that cases which have been pending in court for more than a year without proceedings may be dismissed at the call of the docket, for want of prosecution, either at the request of a party or by the court of its own motion; and that, nearly 4 years having elapsed, defendant was justified in assuming that the case had been dismissed, or, at least, that the court would allow no action to be taken without notice against a public corporation upon which notice could be served without difficulty.

With respect to the sufficiency of the declaration, it appears that there is no allegation whatever that the claims sued on were ever presented to the defendant county court, as required by statute, and the only allegation which plaintiffs contend to be a compliance with the statute is a general averment that plaintiffs suffered damage to the amount of $150,000 (which is not the total of the claims in suit), coupled with the formal allegations of a declaration in assumpsit of demand and refusal to pay this amount.

[1] While a federal court has no power under state statutes to set aside judgments after the term at which they are rendered, it has complete control over them, and may set them aside during the term. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797. And, where a motion to set aside is made during the term, and held open for further consideration, the court has power to act upon it after the term has expired. Walker v. Moser (C. C. A. 8th) 117 F. 230; Goddard v. Ordway, 101 U. S. 745, 751, 25 L. Ed. 1040. As the motion here was made during the term and held for further consideration, there is no doubt of the power of the court to act upon it just as though final disposition had been made during the term.

[2, 3] The power of the court to act upon the motion being established, the practice to be followed is that prescribed by the statute of the state where the court is held. R. S. 914 (Comp. St. § 1537); Wylie Permanent Camping Co. v. Lynch (C. C. A. 4th) 195 F. 386, 115 C. C. A. 288; Virginia, T. & C. Steel & Iron Co. v. Harris (C. C. A. 4th) 151 F. 428, 80 C. C. A. 658; Howie Mining Co. v. McGary (D. C.) 256 F. 38. The statute of West Virginia applicable here is section 47, c. 125, of the Code, which provides that, where judgment by default "has been entered up in court, * * * it shall not be set aside

without good cause be shown therefor." And "good cause" authorizing the setting aside of a default judgment, where the judgment has been entered up or the order for an inquiry of damages has been executed, is "fraud, accident, surprise, mistake, or some adventitious circumstance preventing the party from making defense, excusing his absence." Post v. Carr, 42 W. Va. 72, 24 S. E. 583; Jennings v. Wiles, 82 W. Va. 573, 96 S. E. 1009. In this case we think that the defendant showed "good cause," within the meaning of the statute, for setting aside and vacating the judgment, and that the learned district judge erred in holding, as a matter of law, that the circumstances upon which defendant relies were not sufficient to constitute good cause.

In the first place, we think that the judgment was obtained by surprise, and as the result of mistake and excusable neglect on the part of defendant and its attorney. Defendant is the governing body of a county. The president of the court upon whom process was served had gone out of office. The attorneys for the county had been changed. More than a year after the action had been instituted the county attorney, being advised that a suit of some sort was pending against the county, made inquiry of the proper court official, and was informed as to the nature of the action, without being told that defendant was in default. The rule of court required at least 20 days' notice before trial, and the attorney might reasonably assume that this notice would be given him. It is true that the attorney should have investigated to see whether answer had been filed, but it may well be that he was thrown off his guard by reason of the fact that no default judgment had been taken, although the action had been pending more than a year. Almost 3 years after this, and after the declaration had been on file for 3 years and 9 months, during 2 years and 9 months of which the action might have been dismissed by the court of its own motion, the plaintiffs, without any notice whatever, proceeded to have the defendant called out and the case tried in the absence of defendant's counsel. If the defendant was negligent in failing to take action during the 3 year and 9 months' period, what shall be said of the plaintiffs? The fact that plaintiffs had allowed their case to lie dormant for so long a time did not, of course, justify the defendant in ignoring it; but such delay on the part of plaintiffs was calculated to cause the case to be forgotten in the change of county administrations, and, after so long a period of inaction, judgment should not have been entered against the people of a county, without giving to their representatives reasonable notice and opportunity to defend. The fact that immediately upon learning of the judgment, and within 3 days after it was entered, defendant's counsel were in Wheeling, moving to set it aside, is a circumstance which strongly corroborates their contention that they were taken by surprise and had been acting under mistake. Their diligence in moving so promptly to set aside the judgment stands out in strong contrast with the action of plaintiffs in delaying for more than 3½ years to apply for it. We think that the neglect shown by defendant and its counsel was excusable, under the peculiar circumstances of the case, and that the surprise, mistake, and excusable neglect under which the judgment was obtained constituted "good cause," within the meaning of the statute, for setting it aside. Jennings v. Wiles, supra; Willson v. Ice, 78 W. Va. 672, 90 S. E. 272; Varney & Evans v. Lumber & Mfg. Co., 64 W. Va. 417, 63 S. E. 203.

[4] There was yet another "good cause" shown for vacating the judgment on the motion of defendant, viz. that the declaration did not state a cause of action.

"A default admits only what is well pleaded, and therefore, in order to sustain a judgment by default, plaintiff's declaration, complaint, petition or statement of claim, must allege with clearness and certainty sufficient facts to constitute a good cause of action or show a right to recover." 34 C. J. 153; U. S. v. Bell (C. C. A. 3d) 135 F. 336, 68 C. C. A. 144.

The Code of West Virginia provides:

"No suits shall be brought against a county court for any demand for a specified sum of money founded on contract, except an order on the county treasury, until such demand has been presented to such court and been disallowed by them in whole or in part. But if the court neglect or refuse to act on such demand by the close of the first session after that at which it is so presented, or of the second session after it is filed with the clerk pursuant to the preceding section, for presentation, it shall be deemed to have been duly presented and disallowed." Code of W. Va. Ch. 39, § 41.

As said by the Supreme Court of West Virginia, in State v. Smith, 92 W. Va. 12, 16, 114 S. E. 375, 376, "the procedure required by the statute is a condition precedent to the claimant's right to sue the county court for money founded on a contract, except an order for payment out of the county treasury, and must be followed or his suit will abate. The reason for such procedure is

plainly apparent. It was designed to protect the county court against useless costs and litigation. The fiscal affairs of the county coming under the jurisdiction of the county court are numerous, and its obligations in the conduct of the public business are necessarily complex and varied, and to permit the owners of claims founded on contract to sue as and when their whims or spite might dictate before presentation for audit and payment in an orderly way, would subject the court to vexatious suits and unnecessary costs."

[5] It is expressly held that no suit may be instituted or maintained against a county court for a specified sum of money founded on contract, without compliance with this statute, and that a declaration in such suit is insufficient, unless it contains an averment to the effect that the provisions of the statute have been complied with. Barbor v. County Court, 85 W. Va. 359, 101 S. E. 721; Yates v. County Court, 47 W. Va. 376, 35 S. E. 24. And it is settled that limitations on suits against counties of the character of that imposed by this statute will be enforced by the federal courts, and that a pleading which fails to aver compliance with the statute will be held insufficient. May v. Buchanan County (opinion by Judge Shiras) (C. C.) 29 F. 469; Covington County v. Stevens (C. C. A. 5th) 256 F. 328, 167 C. C. A. 498; Holmes County v. Burton Const. Co. (C. C. A. 5th) 267 F. 769.

For the reasons stated, we think that the learned district judge erred in refusing to set aside the default judgment. The order denying the motion is accordingly reversed, and the cause is remanded, with directions that the verdict and judgment be set aside, and that other proceedings be had not inconsistent with this opinion.

Reversed.