FABIAN C. BUSHEL, Appellant, v. COUNTY OF WESTCHESTER, Respondent.— Order dismissing complaint for insufficiency in that it failed to allege conformance with chapter 561 of the Laws of 1931, and judgment entered thereon affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Scudder and Davis, JJ., concur; Kapper, J., dissents and votes to reverse.

EVA EUSTACE and Another, Respondents, v. THE EVERGREENS, Sued Herein as EVERGREEN CEMETERY, Appellant.—Action by Eva Eustace to recover damages for personal injuries alleged to have been sustained as the result of defendant's negligence in connection with an excavation to be used for burial purposes. Action by Arthur Eustace, her husband, to recover for loss of services. Appeal from judgment in favor of both plaintiffs. Judgment reversed on the law and complaint dismissed, with costs. The plaintiffs seek to hold the defendant cemetery corporation for injuries sustained by the plaintiff wife while walking over the material taken from the excavation, during her mother's interment. There is no proof that the material was negligently placed or negligently piled. It could not have been anticipated by the defendant that one of the mourners would attempt to traverse the pile of fresh earth. The condition was open and obvious and plaintiff wife assumed the risk in approaching the open grave as she did. Kapper, Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., dissents and votes to affirm for the following reasons: It is a common practice for persons interested to approach the grave at a burial. It is the duty of those in charge to keep the surroundings in a reasonably safe condition. This defendant failed to do. It blocked off the only way to the grave by the dirt taken therefrom and permitted a good sized stone to remain within the pile of dirt. In passing over the pile of dirt, plaintiff slipped upon the stone and was injured. There was a basis for a finding of negligence and absence of contributory negligence.