## COOPER v. WESTCHESTER COUNTY.

District Court, S. D. New York.
Feb. 13, 1941.

Pennie, Davis, Marvin & Edmonds, of New York City (Daniel V. Mahoney, of New York City, of counsel), for plaintiff.

Edwards, Bower & Pool, of New York City, for defendant.

William A. Davidson, of White Plains, N. Y., for defendant on motion.

HULBERT, District Judge.

Defendant, appearing specially, moved under Rule 12(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint and to quash and vacate the service of the summons and return thereof on the ground that the plaintiff fails to state a claim upon which relief can be granted and that the Court has no jurisdiction over the person of the defendant.

The action is for patent infringement based upon an allegation that defendant through its agent, Westchester County Park Commission, has been unlawfully utilizing a toll checking apparatus covered by plaintiff's patents on the Cross County Parkway toll bridge at Fleetwood, Westchester County, New York.

This highway is part of the Westchester County Parkway System, being operated and maintained by the Westchester County Park Commission which constructed, operates and maintains these parkways by specific authorization of the State of New York. Chap. 292, Laws of New York 1922, as amended by Chap. 561, Laws of New York 1931. This legislation permits suit to be brought against the County of Westchester upon certain conditions precedent to the right to sue:

"Neither the park commission nor the county shall be liable in any civil action for damages or injuries to person or property, or any invasion of personal or property rights, of any name or nature whatsoever, whether casual or continuing, arising at law or equity * * * unless a claim in writing, verified in duplicate * * * shall within thirty days after the happening of the * * * injury or the occurence of the act, omission, fault or neglect * * * be presented to the park commission and served upon the clerk of the board of supervisors, and notice of intention to commence an action thereon be served upon the county attorney * * *. The omission to present any such claim in the manner and within the time mentioned shall be a bar to any action against the park commission, or the county * * *."

Defendant contends that the failure of the complaint to aver compliance with this statute renders it fatally defective and that the County of Westchester as an agency of the State of New York is not amenable to suit under the Eleventh Amendment of the Constitution except to the extent permitted by the State of New York.

Plaintiff concedes that he could not sue the defendant as a political subdivision of the State of New York unless the County had been given the status of a municipal corporation.

In this State, municipal corporations are created by State statute for the purpose of administering the affairs of the incorporated territory. In the exercise of governmental functions such bodies are immune from suit as an adjunct of the sovereign and the extent and manner of their liability is within the exclusive province of the State. MacMullen v. City of Middletown, 187 N.Y. 37, 79 N.E. 863, 11 L.R.A.,N.S., 391; Canavan v. City of Mechanicville, 229 N.Y. 473, 476, 128 N.E. 882, 13 A.L.R. 1123.

Plaintiff asserts that the State of New York granted him the right to sue the County of Westchester by virtue of Section 3 of the County law (Chap. 16, Laws of New York 1909, Consol.Laws c. 11, Article 2 which defines counties as municipal corporations.

■ This argument is ineffectual, for, as stated in MacMullen v. City of Middletown, supra, these corporations are creatures of the State whose legislature may fix their liability in any manner it wishes, consonant with the provisions of the national and state constitutions. The State may either exempt the County from liability where it is exercising governmental functions, or it may prescribe conditions precedent to suability. Audit Co. v. City of Louisville, 6 Cir., 185 F. 349, 352; MacMullen v. City of Middletown, supra. Whatever validity plaintiff's contention may have had was removed by the New York legislature in 1931 when it expressly limited the right of the plaintiff to sue the County of Westchester for injuries arising out of the operation of the Westchester County Parkway System. The claimed right of the plaintiff to sue the County by virtue of the Laws of 1909, supra, was subject to the subsequent action of the State (Matter of McAneny v. Board of Estimate, 232 N.Y. 377, 390, 134 N.E. 187; City of Pawhuska v. Pawhuska Oil & Gas Co., 250 U.S. 394, 39 S.Ct. 526, 63 L.Ed. 1054) and the action of the legislature in 1931 dealing with this precise liability must be deemed to override any earlier or general provisions in respect thereto.

■ Statutes similar to that at bar have been construed by the New York courts as a condition precedent to the institution of suit. A provision requiring the filing of notice of claim and the service of notice of intention to sue is not to be regarded as a short statute of limitation. All conditions imposed by the legislature upon the qualified right to sue are essential prerequisites. Ponsrok v. City of Yonkers, 254 N.Y. 91, 171 N.E. 917; Gessner v. City of New York, 276 N.Y. 505, 12 N.E.2d 451; Winter v. City of Niagara Falls, 190 N.Y. 198, 82 N.E. 1101, 123 Am.St.Rep. 540, 13 Ann.Cas. 486; MacMullen v. City of Middletown, supra.

■ In the operation of the County parkways, which constitute a part of the State Highway System, the defendant was exercising a governmental power. People v. Westchester County, 282 N.Y. 224, 26 N.E.2d 27; Markey v. County of Queens, 154 N.Y. 675, 49 N.E. 71, 39 L.R.A. 46.

■■ The statute is not arbitrary but provides a check demanded by public necessity against unscrupulous raids upon the public purse by means of fraudulent claims. Thomann v. City of Rochester, 256 N.Y. 165, at page 170, 176 N.E. 129, 130. There is no deprivation of property without due process as plaintiff is afforded an opportunity, though restricted, to obtain compensation for claimed wrongs. The statute is "rooted in the public needs" and is a valid exercise of the power of the State. Collins v. City of Memphis, D.C., 16 F.Supp. 204, and cases there cited; Sheehy v. City of New York, 160 N.Y. 139, 143, 54 N.E. 749.

A similar situation to that at bar was passed upon by the court in May v. County of Buchanan, C.C., 29 F. 469, which involved a patent infringement suit arising out of the installation of alleged infringing equipment in a jail by the defendant. Opposing a motion to dismiss the complaint for failure to present a demand to the Board of Supervisors before suit as required by Section 2610 of the Code of Iowa, plaintiff contended that the provision of the State law was not applicable to actions in the federal courts involving infringement of United States patents since the subject matter was exclusively within federal jurisdiction and could not be limited or affected by State legislation. Nevertheless, the court granted the motion, stating, at page 473 of 29 F.:

"The right to sue a county of the state and recover judgment against the same is a right dependent upon the laws of the state. The powers, rights, and liabilities of a county, including the liability to be sued, are wholly derived from the state legislation; and the legislature may, in imposing upon the county the liability to be sued, surround such liability with such safeguards as it may deem wise and proper. If the laws of Iowa did not confer upon the county the right to sue and be sued, the plaintiff could not maintain the present action; and as the plaintiff, in bringing suit against the county, is availing himself of a right created by the state, he must take the right with the limitations placed thereon by the power which creates the right. Having the right to create the municipal subdivision known as a 'county,' and to prescribe the rights, powers, and liabilities pertaining thereto, the state has the right to enact that the county cannot be sued until a proper demand for payment or settlement has been made; and this enactment is one which the United States courts are bound to follow and enforce."

See Marion County Court v. Ridge, 4 Cir., 13 F.2d 969, 972; Covington County v. Stevens, 5 Cir., 256 F. 328; Holmes County v. Burton Const. Co., 5 Cir., 267 F. 769.

■ A sovereign may not be sued without its consent even in cases arising under the laws of the United States. Cargile v. New York Trust Co., 8 Cir., 67 F.2d 585 certiorari denied 292 U.S. 625, 54 S.Ct. 630, 78 L.Ed. 148.

■ In passing on the specific statute here involved, the New York courts have held that a failure to allege compliance with the conditions imposed by statute renders the complaint fatally defective (George Leary v. Westchester County Park Commission, 237 App.Div. 911, 261 N.Y.S. 1014; Bushel v. County of Westchester, 242 App.Div. 791, 275 N.Y.S. 655) and such construction is binding on this court. West et al. v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956, decided Dec. 9, 1940.

It appears from an examination of the complaint that plaintiff seeks a permanent, as well as a temporary injunction, prohibiting further unauthorized use of its patented apparatus, but this phase of the case was not referred to by the plaintiff on the motion and so far as I am aware, no application has been made for a restraining order.

In Thomann v. City of Rochester, supra, 256 N.Y. at pages 172, 173, and 174, 176 N.E. 129, 131, the Court of Appeals discussed certain phases of possible invalidity of a statute, similar to the one at bar, where the plaintiff sought injunctive relief. However, Chief Judge Cardozo there pointed out (256 N.Y. at page 173, 176 N.E. 131) that in situations where the actions of the municipality are governmental in character as distinguished from proprietary "the power of the Legislature by concession is plenary and absolute. It may condition them as it will, or even abolish them altogether. MacMullen v. City of Middletown, 187 N.Y. 37, 79 N.E. 863, 11 L.R.A. (N.S.) 391."

■ Since the activity of the defendant in maintaining and operating parkways under this mandate of the State legislature is governmental in nature, it is not believed that the disposition of this motion is in anyway affected by the inclusion by the plaintiff in its complaint of a plea for injunctive relief.

It is also to be noted, that plaintiff claims the infringement is a continuing tort which, therefore, in any event, would not preclude the filing of the required notice of intention to sue. The motion is granted and the complaint dismissed with leave to amend if plaintiff is able to allege compliance. Settle order on notice.