**COOPER v. WESTCHESTER COUNTY.**

District Court, S. D. New York.

Dec. 10, 1941.

Pennie, Davis, Marvin & Edmonds, of New York City (Daniel V. Mahoney, of New York City, of counsel), for plaintiff.

Edwards, Bower & Pool, of New York City, and William A. Davidson, of Port Chester, N. Y., for defendant.

GALSTON, District Judge.

The plaintiff, pursuant to the provisions of Rule 12(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, moves for a preliminary hearing on the defenses presented by paragraphs 2 and 5 of defendant's answer.

■ The action is one for infringement of three patents of the plaintiff. Usually the only issues in such action are validity and infringement of the patents. However, this complaint alleges infringement by the defendant through certain agencies, which led the defendant to set up the defenses which the plaintiff now challenges. It is alleged in the complaint that the Westchester County Park Commission, as an agent of the defendant, through the installation and use of toll checking equipment on the Fleetwood Toll Bridge at Fleetwood, New York, infringed these patents. By amendment made during the course of the preliminary hearing, acts of infringement committed since April 2, 1941, are alleged to have been committed by the Westchester County Park Commission also as agent of the defendant. No testimony was offered at the hearing, so the matters for decision are presented by the pleadings. Having elected to allege that the act of infringement by the Westchester County Commission was as agent for Westchester County, it became necessary for the plaintiff, in order to obtain jurisdiction over the defendant, to allege that the action was brought after due notice had been given in compliance with the requirements of Sec. 16 of Chap. 292 of the Laws of New York of 1922, as amended by Chap. 561 of the Laws of 1931.

The issues of agency and notice having thus been tendered by the plaintiff, the defendant denied by its answer that the plaintiff had complied with the requirements of the New York laws referred to, and denied that a notice to the Westchester Cross County Parkway Authority was given pursuant to the Laws of 1941, Chap. 211, and particularly Sec. 317 thereof, Public Authorities Law, Consol.Laws, c. 43-A.

The answer also challenges the jurisdiction of the court, averring that the defendant, as a political subdivision of the State of New York is immune from suit by virtue of the sovereign immunity of the State of New York; that the State of New York has not consented to the bringing of an action against this defendant; and that the complaint fails to state a claim upon which relief can be granted.

The purpose of this preliminary hearing is to test the sufficiency of these defenses.

■ The immunity defined in the 11th Amendment of the Constitution of the United States has been held not to extend to counties of a state; Lincoln County v. Luning, 133 U.S. 529, 10 S.Ct. 363, 33 L.Ed. 766; Camden Interstate R. Co. v. Catlettsburg, C.C., 129 F. 421; McCreery Engineering Co. v. Massachusetts Fan Co., 1 Cir., 195 F. 498; Dunnuck v. Kansas State Highway Commission, D.C., 21 F.Supp. 882. Nor does it appear that the State of New York makes any such claim of immunity for its municipal subdivisions. Indeed, County Law of the Laws of 1909, c. 16, Chap. 11 of the Consolidated Laws, Sec. 6-a, provides for suits against counties, and there is nothing in any special legislation affecting Westchester County which made that county immune from suit. Neither the state statute and its amendments which created the Westchester County Parkway Commission and defined its powers, nor the later statute creating the Westchester Cross County Parkway Authority and defining its powers, sets forth any constitutional or other immunity from suit. These laws in effect authorize the governing body of the County of Westchester, its Board of Supervisors, to appoint commissioners, and these commissioners are thereupon vested with certain powers relating to the control and management of parks and parkways. These commissions act not for the State of New York but for the County of Westchester. As agents for their principal, they cannot create for their principal a constitutional immunity which that principal did not theretofore enjoy. Moreover, these commissions or authorities in their own behalf are not parties to this action. But even if they were so named they would not be entitled to assert constitutional immunity. The very acts setting up the agencies constitute in effect a state waiver of immunity, if indeed such immunity could be claimed in any circumstances, for they provide the conditions under which actions can be instituted against them. Murray v. Transit Commission, D.C., 11 F.Supp. 27, affirmed 2 Cir., 104 F.2d 1017; Louisiana Highway

Commission v. Farnsworth, 5 Cir., 74 F. 2d 910. The State of New York is neither a nominal nor a real party in interest. American Brake Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 10 F.Supp. 512, affirmed 2 Cir., 76 F.2d 1002, certiorari denied City of New York v. Murray, 295 U.S. 760, 55 S.Ct. 923, 79 L.Ed. 1702.

 It may well be that the Commission and the Authority, as well as the County, could have been charged with infringement and named as proper parties in the complaint; but since they clearly appear from the statutes creating them, as agents, not of the State of New York but of the County of Westchester, any decree restraining the county from continuing acts of infringement, would be effective against its officers, directors, employees, agents and all others acting on its behalf. Parenthetically, it may be observed that the defendant is the real party in interest, for the tolls which are collected from the use of the challenged devices are paid to the county treasury, as Chap. 292 of the Laws of 1922 specifically directs. It is for these reasons that it would appear that the defense of lack of jurisdiction as set forth in Paragraph 2, subdivisions a, b, and c of the answer is without merit.

There remains the defense concerning the inadequacy of the notices given under the statutes, which the plaintiff relies on to prove agency.

 Considering first the acts of infringement alleged to have been committed since April 2, 1941, the defendant argues that the Cross County Parkway Authority did not receive the notice required by Chap. 211 of the Laws of 1941, Sec. 317. That section reads in part:

"No civil action shall be maintained for damages * * * to property or any invasion of personal or property rights * * * arising at law or in equity, * * * alleged to have been caused in whole or in part by * * * any act * * * on the part of the authority * * * unless a claim in writing verified as originals in triplicate by the oath of the claimant to the effect that the same is true * * * shall within thirty days after the happening * * * of the act * * * on account of which the claim arose, be presented to the authority and served upon the president thereof and upon the county attorney and notice of inten-

tion to commence an action thereon be served upon the county attorney * * *. The omission to present any such claim in the manner and within the time specified shall be a bar to any action against the authority * * *."

I do not find that this section is in any sense applicable because it relates solely to actions against the Authority and does not embrace actions against the County.

That leaves for consideration the notice required by Sec. 16 of Chap. 292, Laws of 1922, as amended by Chap. 561 of the Laws of New York of 1931.

Section 16 of this act in part provides: "Neither the park commission nor the county shall be liable in any civil action for damages * * * because of any act * * * on the part of the park commission or the county * * * unless a claim in writing, verified in duplicate by the oath of the claimant to the effect that the same is true, containing a statement of the place of residence of the claimant, by street and number, if any, otherwise such facts as will disclose such place of residence with reasonable certainty * * * be presented to the park commission and served upon the clerk of the board of supervisors, and notice of intention to commence an action thereon be served upon the county attorney * * *. The omission to present any such claim in the manner and within the time mentioned shall be a bar to any action against the park commission, or the county * * *."

On February 25, 1941 there was presented to the Westchester Park Commission and to the clerk of the Board of Supervisors a notice which reads as follows:

"Please take notice that the undersigned, Benjamin Cooper, hereby makes claim against the County of Westchester and the Westchester County Park Commission for damages suffered by said Benjamin Cooper through the unauthorized use by the Westchester County Park Commission of the inventions disclosed and claimed in his United States Letters Patent Nos. 2,165,227, 2,166,090 and 2,205,555. The nature and extent of the damage is the profits derived from the use of the herein complained of apparatus and the damages suffered by me as provided in Sec. 70, Title 35, United States Code [35 U.S.C.A. § 70], (R.S. § 4921). Said Benjamin Cooper is a citizen of the United States doing business under the firm name of Taller

& Cooper at 930 Newark Avenue, Jersey City, New Jersey. The wrongful use of the aforesaid inventions is occurring now by the use of the toll checking equipment on the Fleetwood toll bridge at Fleetwood, New York in said County of Westchester.

"This claim is presented in accordance with Chapter 561, Laws of New York, 1931."

The defendant admits that the notice was served on the clerk of the Board of Supervisors and given to the County Attorney on February 25, 1941.

But the defendant challenges the sufficiency of this notice since service at the County Attorney's office, it is claimed, was not service on the Park Commission. This is a highly technical objection and may therefore be met with an equally technical reading of the statute. The section does not require service on the Park Commission. The language of the statute is that the notice be "presented" to the Park Commission.

Thus it will remain at the trial for the plaintiff to prove that the claim was "presented" to the Commission. Any fair showing of presentation should be sufficient.

Finally and unfortunately for the plaintiff, the statute requires the residence of the claimant to be given in the notice. Neither the notice to the Park Commission nor to the clerk of the Board of Supervisors, though setting forth his business address, disclosed his residence, Wilson v. Beard, 2 Cir., 26 F.2d 860. Though jurisdiction in a patent infringement suit never rests on diversity of citizenship, and therefore in such suits it is not necessary for the plaintiff to set forth his residence, nevertheless if this highly technical but not otherwise meritorious defense is not waived by the defendant, the defense must be held good.

The defendant also urges that one of the three patents sued on is misstated by number in the notice. This objection too must be sustained, but only in so far as the notice relates to that patent, though the defendant is, as a matter of fact, fully informed as to the patent involved.

Other objections to the sufficiency of the notice, such as to the nature and the extent of the claim, are without merit. So also is the contention that the complaint fails to allege the presentation of a notice within thirty days after the alleged cause of action arose. As Judge Hulbert very pertinently observes in Cooper v. Westchester County, D.C., 39 F. Supp. 58, the infringement asserted is a continuing tort and the cause of action cannot be restricted to the time at which the alleged infringing apparatus was first installed.

Thus there are but two minor deficiencies in the notices of claim and of intention to institute the action, which can be sustained. If the defendant is not disposed to waive them in the effort "to end litigation" and reach a trial on the merits, the defense as to these two matters will have to be sustained, with leave, however, to the plaintiff to institute another action. In all the circumstances of the case, if the plaintiff is thus obliged to bring another suit on these patents, he should be entitled to have his case speedily tried, since the defendant has been actually apprised of the plaintiff's claim since February 25th, 1941, and has had adequate time to prepare its case on the merits.

Submit findings and order in conformity with this opinion.